UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH COGER,

               Petitioner,                         Civil No. 06-14039-BC
                                                                Honorable Thomas L. Ludington

v.

BARRY DAVIS,

               Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Keith Coger, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* Petitioner challenges his convictions for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent has filed a response to the petition. The Court finds that Petitioner's claims lack merit and are not cognizable on habeas review. The Court, therefore, will deny the petition.

I.

      Petitioner's convictions arise from the shooting death of Phillip Wright on August 14, 1999 on Appoline Street in the City of Detroit. Petitioner admitted shooting at Wright, but claimed that he fired in self-defense after Wright shot at him.

      Derail Lattimore testified that he was with Wright on the night of the shooting. He and Wright were in a vehicle on Appoline street when Wright briefly exited the vehicle. He saw Petitioner approach the vehicle and pull out a gun. Petitioner fired five or six shots at the vehicle. Lattimore then fled. He testified that he did not see Wright with a gun that evening.

Derrick Lampkin testified that he witnessed the shooting. He was at a party with Petitioner on Appoline Street that night. Petitioner was sitting on the front porch of a friend's house with a gun. Wright pulled up near the house in his vehicle. Lampkin testified that he asked Wright to leave. Before Wright could drive away, Petitioner walked toward the truck. Wright told Petitioner to "chill." Petitioner then began shooting.

Petitioner testified in his own defense. He testified that a few months prior to the shooting, Wright had tried to kill him. Petitioner testified that he was working on his mother's vehicle at her home, which was across the street from a crack house run by Wright when Wright jumped out of a vehicle and fired about ten gunshots at Petitioner. Petitioner testified that he returned fire, shooting Wright in the buttocks. The next time Petitioner saw Wright was on the day of the shooting. He testified that Wright rolled down the window of his vehicle and began shooting at Petitioner. Petitioner stated that he fired back only because he feared for his life.

Following a bench trial in Wayne County Circuit Court, Petitioner was sentenced as a fourth habitual offender to 35-70 years imprisonment for the murder conviction, to be served consecutively to 5 years imprisonment for the felony-firearm conviction.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising the following claims:

> I. Defendant must be granted a new trial where the trial judge, in making his findings of fact, improperly relied on his own experience in the criminal justice system, on conclusions which were directly contrary to the physical evidence, on Defendant's failure to prove his innocence, and on misapplication of the law, and where the judge failed to consider the lesser offense of manslaughter, as requested by Defendant.
>
> II. Defendant must be resentenced by a different judge because the trial court sentenced him based upon his lack of remorse for the offense, ridiculed his religion, and labeled him a roach and less than human.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Coger*, No. 228699 (Mich. Ct. App. July 9, 2002). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Coger*, No. 121985 (Mich. Jan. 31, 2003).

Petitioner filed a motion for relief from judgment in the trial court, raising the following claims for relief: (i) a request for a new trial or an evidentiary hearing because newly discovered evidence corroborates Petitioner's self-defense theory; (ii) waiver of jury trial was involuntary; (iii) ineffective assistance of trial counsel; (iv) verdict against the great weight of the evidence; (v) prosecutorial misconduct; (vi) trial court was biased against Petitioner; (vii) sentence based upon inaccurate information; (viii) cumulative effect of errors requires reversal; and (ix) ineffective assistance of appellate counsel. The trial court denied the motion. *People v. Coger*, No. 99-010260 (Wayne County Circuit Court June 25, 2004).

Petitioner filed applications for leave to appeal in the Michigan Court of Appeals, and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Coger*, No. 263565 (Mich. Ct. App. Feb. 9, 2006); *People v. Coger*, No. 130853 (Mich. Aug. 29, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised on direct and collateral review in state court.

II.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other

constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because Petitioner's application was filed after that date, the provisions of the AEDPA, including the amended standard of review, apply to this case.

>As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
>
>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application

*Id*. at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

In his first claim for habeas corpus relief, Petitioner argues that the trial judge's errors deprived him of his right to a fair trial. Petitioner claims the trial court judge committed the following errors: (i) improperly relied upon his own experience with the criminal justice system

when making factual findings; (ii) made factual findings contrary to the evidence presented; (iii) improperly shifted the burden of proof; (iv) misapplied the law; and (v) failed to consider the lesser offense of manslaughter.

An impartial judge is a necessary component of a fair trial. *In re Murchison*, 349 U.S. 133, 136 (1955). This Court is guided by the standard established by the Supreme Court in *Liteky v. United States*, 510 U.S. 540 (1994), in addressing claims of judicial bias. In *Liteky*, the Supreme Court explained the measure of judicial conduct as follows:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* at 554.

The Supreme Court cautioned that "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display," do not establish bias or partiality. Id. at 556

The Michigan Court of Appeals held that Petitioner failed to establish any misconduct. First, the court of appeals held that the trial court judge did not improperly rely on his own experience when making factual findings. The state court of appeals reasoned that the trial court judge referred to his opinions and beliefs when making credibility determinations but that those credibility determinations were properly within his purview as the finder of fact. *Coger*, slip op. at 6. The Court has reviewed the trial court judge's findings of fact and conclusions of law and finds that the

state court of appeals' finding has ample support in the record. The trial court judge found some of the defense's theory of the case incredible based upon the trial judge's assessment of the defense and his common sense. The trial court's weighing of the credibility of witnesses and believability of the defense was not improper.

Second, the Michigan Court of Appeals also found that the trial court's findings of fact were not contrary to the physical evidence. Petitioner argued that the judge incorrectly found that the bullet hole in the windshield was an entrance hole rather than an exit hole and disregarded the evidence that two spent casings found at the scene were of a different caliber than the bullet which killed the victim. The Michigan Court of Appeals held that the trial court's findings were not erroneous and, in any event, did not prejudice the defense:

> Whether defendant was standing in front of decedent's car or to the side when he fired the fatal shot, it is undisputed that defendant fired several bullets into decedent's car and that decedent was killed as a result. No gun was found on decedent and the trial court found that defendant had a duty to retreat. On these facts, even if the trial judge was wrong about which of decedent's windows was fired into, reversal is not required. Further, the trial judge was not required to accept defendant's theory that the spent casings on the street were from decedent's weapon when no gun was found on decedent.

*Coger*, slip op. at 2.

Petitioner has not shown that the trial court's factual findings were clearly erroneous. The trial court judge, as the finder of fact, was free to make credibility determinations and discount certain evidence based upon those determinations. In addition, Petitioner has not shown that the state court's decision that the trial court did not err was contrary to or an unreasonable application of Supreme Court precedent.

Third, the state court of appeals found no record evidence to support Petitioner's claim that the trial court improperly shifted the burden of proof and, therefore, misapplied the law. The state

court of appeals noted that "the trial court stated on the record that defendant 'has no obligation to prove or disapprove [*sic*] anything.'" *Coger*, slip op. at 2. The transcript does not reflect that the trial court shifted the burden of proof.

Finally, Petitioner argues that the trial court erred in failing to consider the offense of manslaughter. The state court of appeals held that it was apparent from the record that the trial judge considered the elements of voluntary manslaughter and concluded that the testimony presented did not support a finding of manslaughter. *Coger*, slip op. at 2. Petitioner has not shown this finding to be contrary to or an unreasonable application of federal law. Moreover, while the failure to instruct on a lesser included offense can constitute constitutional error in a capital case, *Beck v. Alabama*, 447 U.S. 625, 638 (1980), the Supreme Court has specifically declined to decide whether such a requirement applies in non-capital cases. *Id.* n.14. Failure to give a lesser included offense instruction may serve as grounds for habeas relief only if "the state court so manifestly and flagrantly violated its own clearly stated law in refusing the requested instruction, that the petitioner was denied due process of law." *Todd v. Stegal*, 40 Fed. Appx. 25, 28 (6th Cir. 2002). The Sixth Circuit, however, has indicated that "such occasions would be rare," and that relief would be warranted under such a theory only where "the failure to give the instruction amounts to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person." *Id*. Petitioner cannot show that the state trial court's alleged failure to consider a lesser included offense was contrary to or an unreasonable application of Supreme Court precedent where Supreme Court precedent does not require a lesser included offense instruction in non-capital cases.

B.

Petitioner next claims that he should be resentenced because the trial court judge sentenced

-8-

him based upon his lack of remorse, ridiculed his religion, and labeled him a roach and less than human.

The state court of appeals held that Petitioner failed to establish that his sentence was based upon an improper basis. The state court noted that Petitioner's minimum sentence was at the lower end of the guidelines range. The court further noted that the trial court did not base its sentence on Petitioner's religious beliefs, nor did the court's low opinion of Petitioner unfairly influence the sentence.

First, federal law prohibits a sentencing court from enhancing a sentence based upon a defendant's exercising his Fifth Amendment right to remain silent, but does not prohibit consideration of a defendant's lack of remorse in sentencing. *Ketchings v. Jackson*, 365 F.3d 509, 512-13 (6th Cir. 2004). *See also Bergman v. McCaughtry*, 65 F.3d 1372, 1379 (7th Cir. 1995); *Brown v. Sherry*, 2005 WL 1981782 (E.D. Mich. Aug. 9, 2005). Therefore, Petitioner's claim that the trial court improperly enhanced his sentence based upon his lack of remorse fails to state a claim upon which habeas relief may be granted.

Petitioner's claims that the trial court referred to him in exceedingly derogatory terms and disparaged his religious beliefs also do not warrant habeas corpus relief. The sentencing judge referenced Petitioner's religious beliefs in response to Petitioner's statements regarding his religious beliefs at sentencing. The sentencing judge merely stated that Petitioner's invocation of his religious beliefs would not absolve him of responsibility for the murder. The sentencing judge's statement that Petitioner was not fit to live with human beings could have been more tactfully stated, but essentially, is a comment on Petitioner's dangerousness to society, which is an acceptable factor to consider in imposing a sentence.

Thus, Petitioner has failed to show that the state court's decision that the sentencing judge did not rely on improper considerations was contrary to or an unreasonable application of Supreme Court precedent.

C.

Respondent argues that Petitioner's remaining claims are procedurally defaulted. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States*, 975 F.2d 1207, 1213-14 (6th Cir. 1992).

Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729-30.

The question of whether Petitioner's claims are procedurally defaulted begins by looking to the last reasoned state court judgment denying his claims. *See id.* at 729-30. The Michigan Supreme Court, the last state court to address these claims, which were presented for the first time on collateral review, denied leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Coger*, No. 130853 (Mich. Aug. 29, 2006).

The Sixth Circuit Court of Appeals has held that Mich. Ct. R. 6.508(D) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir. 2000), *citing Rogers v. Howes*, 144 F.3d 990 (6th Cir. 1998). Mich. Ct. R. 6.508(D) was enacted in October 1989, and Petitioner was convicted in 2000. Thus, Mich. Ct. R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioners' convictions and direct appeals. The Sixth Circuit Court of Appeals has also held that even a judgment as brief as the one by which the Michigan Supreme Court denied leave to appeal in this case is sufficient to invoke the doctrine of procedural default. *Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000). Accordingly, the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default is invoked.

Therefore, this Court may not review Petitioner's claims unless he has established cause for

the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner asserts ineffective assistance of appellate counsel to excuse his default. The Supreme Court has held that "cause" under the cause and prejudice standard must be "something *external* to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error' . . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753-54 (internal citations omitted).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688; internal quotations omitted). When assessing counsel's performance, however, the reviewing court should afford counsel great deference. *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The trial court, in denying Petitioner's motion for relief from judgment, carefully and thoroughly addressed each of Petitioner's procedurally defaulted claims. The trial court held that Petitioner was not entitled to a new trial or evidentiary hearing because the newly discovered evidence did not create a reasonable probability of a different result. Second, the trial court held that Petitioner's waiver of a jury trial was not involuntary. The trial court rejected Petitioner's claim that he was led to believe that the judge would be more lenient than a jury, noting that the trial judge cautioned Petitioner that his friendship with defense counsel would not cause him to be more lenient and that he might find Petitioner guilty of first-degree murder. Third, the trial court held that trial

counsel was not ineffective regarding the jury waiver issue and did not fail to investigate his defense of self-defense. In addition, counsel was not ineffective in failing to object to the scoring of an offense variable, because any error was harmless. Fourth, the trial court held that sufficient evidence was presented to sustain Petitioner's second-degree murder conviction. Fifth, the trial court denied Petitioner's claim of prosecutorial misconduct, finding that the prosecutor did not engage in misconduct and did not deprive Petitioner of a fair trial. Sixth, the trial court found Petitioner's claim of judicial bias to be meritless. Finally, the trial court held that Petitioner was not sentenced on the basis of inaccurate information. The trial court reasoned that, while an offense variable may have been incorrectly scored, it did not impact Petitioner's sentence. *People v. Coger*, No. 99-010260, slip op. at 5-13.

Petitioner has failed to show that the state court's decision finding the foregoing claims to be meritless was incorrect or contrary to or an unreasonable application of Supreme Court precedent. Because these claims are without merit, Petitioner cannot show that he was prejudiced by appellate counsel's failure to raise them. Thus, these claims are procedurally defaulted unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.* at 321. Thus, Petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*

Petitioner has not supported his allegation of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court. Accordingly, these claims are procedurally defaulted.

D.

In his final claim, Petitioner alleges that he was deprived of a fair trial because of cumulative error. The Sixth Circuit has expressed doubt that about the validity of the argument that cumulative errors may warrant habeas relief in the post-AEDPA era. *See Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002) ("The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief"); *Moore v. Parker,* 425 F.3d 250 (6th Cir. 2005) (same). Moreover, even if such a claim could merit habeas relief, the Court does not find that errors were committed when considered separately or together that abridged Petitioner's constitutional rights. Petitioner is not entitled to habeas relief on his cumulative errors claim.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 9, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 9, 2008.

         s/Tracy A. Jacobs
         TRACY A. JACOBS