UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH COGER,

                Petitioner,                Case Number 06-14039-BC
                                                Honorable Thomas L. Ludington

v.

BARRY DAVIS,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO REOPEN THE TIME TO FILE AN APPEAL, FOR EXTENSION OF TIME AND PETITION FOR PERMISSION TO APPEAL**

Petitioner Keith Coger is presently confined at the Mount Correctional Facility in Detroit, Michigan and filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 13, 2006. On July 9, 2008, the Court issued an opinion and order denying the habeas petition and entered judgment accordingly. Now before the Court is Petitioner's "motion to reopen the time to file an Appeal, FRAP 4(a)(6); for extension of time, FRAP 4(b)(4); and petition for permission to appeal, FRAP 5(a)(3)" [Dkt. # 15], filed on February 1, 2010.

Petitioner argues that the time for filing an appeal should be reopened or extended because his failure to file a timely notice of appeal was not his fault or was caused by excusable neglect when he believed that a retained attorney was proceeding on his behalf. Petitioner seeks relief pursuant to Rules 4 and 5 of the Federal Rules of Appellate Procedure. First, Petitioner asks the Court to reopen the time to file an appeal pursuant to Rule 4(a)(6). The rule states, in pertinent part:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court's docket summary reflects that Petitioner's attorney was sent electronic notice of the Court's order denying the petition on the day the order was entered. A letter attached to Petitioner's motion shows that Petitioner's attorney sent Petitioner a copy of the opinion denying habeas corpus relief on October 10, 2008. Since Petitioner received actual notice of the entry of the judgment earlier than 180 days after the judgment was entered, he was required to file a motion to reopen the time for appeal within seven days after receiving notice. *See* Fed. R. App. P. 4(a)(6)(A). He did not do so. Therefore, Petitioner's request to reopen the time for filing a notice of appeal under Rule 4(a)(6) will be denied. *See Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. Sept. 25, 2001).

Next, Petitioner asks the Court to extend the time for filing an appeal under Rule 4(a)(5) or 4(b)(4). Under Rule 4(a)(5), the district court may extend the time to file a notice of appeal by thirty days if a party files a motion for extension of time no later than thirty days after the time prescribed for filing a notice of appeal, provided the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). In this case, Petitioner had thirty days from the entry of the Court's order denying his petition to file a timely notice of appeal. *See* Fed. R. App. P. 4(a). The motion for extension of time was not filed within thirty days after the time for filing a notice of appeal expired. Therefore,

an extension of time under Rule 4(a)(5) will be denied. Petitioner's request for an extension of time under Rule 4(b)(4) will also be denied because Rule 4(b)(4) applies to appeals in criminal cases.

Finally, Petitioner seeks permission to appeal under Rule 5(a)(3), which provides that "[i]f a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order . . . in response to a party's motion, to include the required permission or statement." The Court already denied a certificate of appealability in this matter. Nothing in Petitioner's motion suggests that reconsideration is appropriate. Therefore, Petitioner's request for permission to appeal under Rule 5(a)(3) will be denied.

Accordingly, it is **ORDERED** that the "Motion to Reopen "Motion to Reopen the Time to File an Appeal, FRAP 4(a)(6); for Extension of Time, FRAP 4(b)(4); and Petition for Permission to Appeal, FRAP 5(a)(3)" [Dkt. # 15] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 5, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS